IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD CASUALTY INSURANCE COMPANY,

Plaintiff,

v.                                                                                    Case No.: _____

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, TRINITY UNIVERSAL INSURANCE OF KANSAS, and TRINITY UNIVERSAL INSURANCE COMPANY as successor in interest to AMTRUST INSURANCE COMPANY OF KANSAS, INC. and ZURICH AMERICAN INSURANCE COMPANY,

Defendants.

## COMPLAINT

Now Comes Plaintiff, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), by and through its attorneys, SIMONE, ROBERTS & WEISS, PA and KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC, and for its Complaint against TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, TRINITY UNIVERSAL INSURANCE OF KANSAS, and TRINITY UNIVERSAL INSURANCE COMPANY as successor in interest to AMTRUST INSURANCE COMPANY OF KANSAS, INC. (collectively "Trinity") and ZURICH AMERICAN INSURANCE COMPANY ("Zurich") states as follows:

### NATURE OF ACTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and for other relief, wherein Hartford seeks a declaration determining the obligations of Trinity and Zurich and for subrogation and/or contribution from Trinity and Zurich for amounts incurred by Hartford with respect to the defense and indemnification of Rivergate Lofts Partners, LLC

("RLP") in a lawsuit brought by the Rivergate Lofts Condominium Owners Association (the "COA") against RLP, and others, in the District Court of La Plata County, Colorado, Civil Action No. 10 CV 19 (the "Underlying Action").

2. Zurich and Trinity have duties to defend and indemnify RLP with respect to the Underlying Action, but have failed to honor those obligations.

**PARTIES**

3. Plaintiff Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

4. Defendant Trinity is a Kansas corporation duly authorized to transact the business of insurance in New Mexico, with its principal place of business in a state other than Indiana or Connecticut.

5. Defendant Zurich is a New York corporation duly authorized to transact the business of insurance in New Mexico, with its principal place of business in Illinois.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a), because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest. This Court has personal jurisdiction over Trinity and Zurich because they transact business in this district, insured risks in this district and negotiated, brokered and delivered the insurance policies at issue to Beaty Construction Company, Inc. ("Beaty"), a citizen of New Mexico, who also executed the contracts creating RLP's rights as an additional insured in New Mexico.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1) because

Trinity and Zurich are residents of this District pursuant to § 1391(c)(2).  Venue is also proper in this District pursuant to § 1391(b)(2) because a substantial part of the events or omissions giving rise to Hartford's claims occurred in this district.

## FACTUAL ALLEGATIONS

8. The COA filed a Complaint against RLP, and others, in the Underlying Action. A true and correct copy of the COA Complaint is attached hereto as Exhibit A.

9. In its Complaint in the Underlying Action, the COA alleged that RLP was liable to the COA for various construction defects and resulting property damage with respect to a condominium development known as the RiverGate Lofts Condominiums (the "Project").

10. The COA Complaint also alleged that RLP was liable for damages arising out of and/or caused by defects in certain aspects of the construction and design of the Project that are within the scope of Beaty's work on the Project including, without limitation, masonry, exterior brick cladding, waterproofing, and pre-cast concrete.

11. Hartford issued five separate consecutive Business Insurance Policies to RLP for single-year periods, from December 6, 2004 to March 1, 2009 under policy No. 34 SBM PF6881 DX (the "Hartford Policies").

12. The Hartford Polices contain the following provision regarding the transfer of RLP's rights to Hartford:

> **K. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**
>
> \*   \*   \*
>
> 2. Applicable to Business Liability Coverage:
>
> If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us.  The insured must do nothing after loss to impair them.  At our request, the insured will bring "suit" or transfer those rights to us and help us enforce

3

them.  This condition does not apply to Medical Expenses Coverage.[1]

13.     Hartford has fully defended and indemnified RLP in the Underlying Action pursuant to a reservation of rights.

14.     Between March 1, 2011 and the dismissal of the COA Complaint, Hartford incurred and/or reimbursed more than $1,600,000 for RLP's defense.

15.     On or about November 22, 2011, Hartford paid $7,000,000 to the COA to obtain a release for RLP from the COA.

16.     On information and belief, on or about September 4, 2003, Beaty entered into a contract with Okland Construction Company, Inc. ("Okland") to furnish and install all masonry for the Project (the "September 4, 2003 Contract").  A copy of what purports to be a true and correct copy of the September 4, 2003 Contract, as produced during discovery in the Underlying Action, is attached hereto as Exhibit B.

17.     On information and belief, or about April 26, 2004, Beaty entered into a second contract with Okland to furnish and install a complete masonry exterior veneer for the Project, including, without limitation, brick, precast concrete, CMU, and felt paper (the "April 26, 2004 Contract"). A copy of what purports to be the April 26, 2004 Contract, as produced during discovery in the Underlying Action, is attached hereto as Exhibit C.

18.     The September 4, 2003 Contract and the April 26, 2004 Contract (collectively, the "Okland-Beaty Contracts") contain language purporting to require that Beaty name RLP as an additional insured with respect to Beaty's work on the Project.

19.     On information and belief, Trinity issued three separate consecutive commercial

---

[1] The policies for the 2004-2005 and 2005-2006 policy periods contain the language quoted above.  The subsequent policies contain language that is substantively similar to the above quoted language.

4

general liability policies to Beaty for single-year periods, from January 1, 2004 to January 1, 2007 under policy numbers CPA4644719 00 36, CPA 4644719 01 36, and CPA 0011701 00 respectively (the "Trinity Policies").  Copies of what purport to be the Trinity Policies, as produced during discovery in the Underlying Action, are attached hereto as Exhibits D-F.

20. On information and belief, Trinity had actual knowledge of the Underlying Action, including the claims against RLP in the COA Complaint, no later than March 1, 2011.

21. In April of 2011, RLP tendered its defense of the Underlying Action to Trinity.

22. On or about August 29, 2011, Trinity's coverage counsel sent a letter to RLP's defense counsel acknowledging that Trinity had a duty to defend RLP in the Underlying Action (the "August 29, 2011 Correspondence").  A true and correct copy of the August 29, 2011 Correspondence is attached as Exhibit G.

23. In September of 2011, Hartford requested that Trinity defend and indemnify RLP.

24. At the request of Trinity's coverage counsel, between January and March of 2012, Hartford's counsel provided invoices, bills and other information necessary for Trinity to reimburse Hartford for payments made for RLP's defense and indemnity costs related to the Underlying Action (the "Supporting Documentation").

25. Despite the acknowledgement of Trinity's obligation to RLP in the August 29, 2011 Correspondence and receipt of the Supporting Documentation, Trinity has failed, neglected, and refused to reimburse any of RLP's defense or indemnity costs related to the Underlying Action that were paid or reimbursed by Hartford.

26. On information and belief, Zurich issued four separate consecutive commercial general liability policies to Beaty for single-year periods, from May 1, 2006  to May 1, 2011

under policy No. FLO 3888944 (the "Zurich Policies").  Copies of what purport to be the Zurich Policies, as produced during discovery in the Underlying Action, are attached hereto as Exhibits H-K.

27. On information and belief, Zurich had actual knowledge of the Underlying Action, including the claims against RLP in the COA Complaint, no later than March 1, 2011.

28. In April of 2011, RLP tendered its defense of the Underlying Action to Zurich.

29. In September of 2011, Hartford requested that Zurich defend and indemnify RLP.

30. On or about April 20, 2012, Zurich sent a letter to RLP's defense counsel a letter acknowledging that Zurich had a duty to defend RLP in the Underlying Action (the "April 20, 2012 Correspondence").  A true and correct copy of the April 20, 2012 Correspondence is attached hereto as Exhibit L.

31. In May of 2012, Hartford's counsel sent Zurich the Supporting Documentation.

32. Despite the acknowledgement of Zurich's obligation to RLP in the April 20, 2012 Correspondence and receipt of the Supporting Documentation, Zurich has failed, neglected, and refused to reimburse any of RLP's defense or indemnity costs related to the Underlying Action that were paid or reimbursed by Hartford.

**COUNT I**
**DECLARATORY JUDGMENT**
(Trinity)

33. Paragraphs 1 through 32 above are incorporated herein as if set forth in full.

34. Despite Trinity's acknowledgement of its duty to defend RLP in the Underlying Action, it has failed to defend RLP in the Underlying Action.

35. Trinity has a duty to indemnify RLP in the Underlying Action, but has failed to

36. Having fully defended and indemnified RLP in the Underlying Action, Hartford is subrogated RLP's rights or has otherwise been assigned RLP's rights to recover from Trinity for its failure to defend and indemnify RLP with respect to the Underlying Action.

37. The failure of Trinity to share in the defense and indemnity of RLP and/or to reimburse Hartford for the amounts that Hartford has paid for the defense of RLP has caused Hartford damages in excess of $75,000.

38. Trinity has unjustly benefited from Hartford's provision of a defense and indemnify to RLP, and it would be inequitable for Trinity to retain that benefit.

WHEREFORE, Hartford prays that this Court enter judgment finding and declaring the rights of the parties as follows:

    (a)    That Trinity had a duty to defend RLP in the Underlying Action;

    (b)    That Trinity has a duty to indemnify RLP for the settlement of the Underlying Action;

    (c)    That Trinity has breached its duties to defend and indemnify RLP;

    (d)    That Trinity must reimburse Hartford for amounts paid by Hartford to defend and indemnify RLP;

    (e)    That Hartford be awarded its just and reasonable costs incurred in securing payment from Trinity, including the costs of brining this action;

    (f)    That, to the extent allowable, Hartford be awarded its just and reasonable attorney fees incurred in securing payment from Trinity, including the attorney fees incurred in brining this action; and

    (g)    That the Court grant Hartford such other and further relief that is appropriate and just.

## COUNT II
### DECLARATORY JUDGMENT
(Zurich)

39. Paragraphs 1 through 32 above are incorporated herein as if set forth in full.

40. Despite Zurich's acknowledgement of its duty to defend RLP in the Underlying Action, it has failed to defend RLP in the Underlying Action.

41. Zurich has a duty to indemnify RLP in the Underlying Action, but has failed to indemnify RLP in the Underlying Action.

42. Having fully defended and indemnified RLP in the Underlying Action, Hartford is subrogated RLP's rights or has otherwise been assigned RLP's rights to recover from Zurich for its failure to defend and indemnify RLP with respect to the Underlying Action.

43. The failure of Zurich to share in the defense and indemnity of RLP and/or to reimburse Hartford for the amounts that Hartford has paid for the defense of RLP has caused Hartford damages in excess of $75,000.

44. Zurich has unjustly benefited from Hartford's provision of a defense and indemnify to RLP, and it would be inequitable for Zurich to retain that benefit.

45. WHEREFORE, Hartford prays that this Court enter judgment finding and declaring the rights of the parties as follows:

    (a) That Zurich had a duty to defend RLP in the Underlying Action;

    (b) That Zurich has a duty to indemnify RLP for the settlement of the Underlying Action;

    (c) That Zurich has breached its duties to defend and indemnify RLP;

    (d) That Zurich must reimburse Hartford for amounts paid by Hartford to defend and indemnify RLP;

  (e)  That Hartford be awarded its just and reasonable costs incurred in securing payment from Zurich, including the costs of brining this action;

  (f)  That, to the extent allowable, Hartford be awarded its just and reasonable attorney fees incurred in securing payment from Trinity, including the attorney fees incurred in bringing this action; and

  (g)  That the Court grant Hartford such other and further relief that is appropriate and just.

## COUNT III
## SUBROGATION
## (Trinity and Zurich)

46. Paragraphs 1 through 32 above are incorporated herein as if set forth in full.

47. This count is pled in the alternative and without prejudice to Hartford's other claims herein.

48. Trinity and Zurich were obligated to provide defense and indemnity to RLP with respect to the Underlying Action under their policies issued to Beaty, yet refused to honor their contractual obligations to RLP.

49. RLP is entitled to recover against Trinity and Zurich for their failure to honor their defense and indemnity obligations to RLP with respect to the Underlying Action under the Trinity Policies and the Zurich Policies.

50. Hartford is entitled to and subrogated to RLP's rights of recovery against Trinity and Zurich pursuant to the terms and conditions of the Hartford Policies.

WHEREFORE, Hartford prays that this Court enter judgment as follows:

  (a)  In favor of Hartford and against Trinity and Zurich in an amount in excess of $75,000 as to both Trinity and Zurich;

  (b)  That Hartford be awarded its just and reasonable costs incurred herein;

  (c)  That, to the extent allowable, Hartford be awarded its just and reasonable

        attorney fees incurred in bringing this action; and

    (d)    That the Court grant Hartford such other and further relief this is appropriate and just.

## COUNT IV
## EQUITABLE CONTRIBUTION
### (Trinity and Zurich)

51.    Paragraphs 1 through 32 above are incorporated herein as if set forth in full.

52.    To the extent the Court finds that Hartford, Trinity and Zurich are co-insurers with respect to RLP, Hartford is entitled to equitable contribution from Trinity and Zurich for the amounts Hartford paid to defend and indemnify RLP for the Underlying Action.

53.    Hartford has paid all fees and costs for the defense and indemnity of RLP with respect to the Underlying Action, and has therefore paid more than its fair share.

WHEREFORE, in the alternative, Hartford prays that this Court enter judgment as follows:

    (a)    To the extent that the Court finds Hartford, Trinity and Zurich are co-insurers of RLP, Hartford is entitled to reimbursement from Trinity and Zurich for the amounts Hartford paid to defend and indemnify RLP that are allocable to Zurich and Trinity and should be granted judgment against Zurich and Trinity in the amount of Trinity and Zurich's fair share of the amounts Hartford paid to defend and indemnify RLP in an amount in excess of $75,000 as to both Trinity and Zurich;

    (b)    That Hartford be awarded its just and reasonable costs incurred herein;

    (c)    That, to the extent allowable, Hartford be awarded its just and reasonable attorney fees incurred in bringing this action; and

    (d)    That the Court grant Hartford such other and further relief that is appropriate and just.

### JURY DEMAND

Hartford demands a trial by jury on all issues so triable.

Respectfully submitted,

HARTFORD CASUALTY INSURANCE COMPANY


By: /s/Randal W. Roberts
    One of Its Attorneys

Randal W. Roberts
SIMONE ROBERTS & WEISS P.A.
1120 Lomas Boulevard N.E., Suite 210
Albuquerque, New Mexico 87112
Tel:      (505) 298-9400
Fax:     (505) 298-7070
rroberts@srw-law.com

and

Wayne S. Karbal (Federal Bar Admission Pending)
Charles F. Morrissey (Federal Bar Admission Pending)
Christopher D. Blum (Federal Bar Admission Pending)
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
150 South Wacker Drive, 17th Floor
Chicago, Illinois  60606
Tel:      (312) 431-3700
Fax:     (312) 431-3670
wkarbal@karballaw.com
cmorrissey@karballaw.com
cblum@karballaw.com


*Attorneys for Plaintiff Hartford Casualty Insurance Company*