## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

HARTFORD CASUALTY INSURANCE COMPANY,

      Plaintiff,

v.

                                  Civ. No. 12-01110 MV/KK

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS, TRINITY UNIVERSAL INSURANCE OF
KANSAS, AND TRINITY UNIVERSAL INSURANCE
COMPANY as successor in interest to AMTRUST
INSURANCE COMPANY OF KANSAS, INC., and
ZURICH AMERICAN INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Trinity Universal Insurance Company of

Kansas and Trinity Universal Insurance Company's ("Trinity") Motion to Strike, or in the

Alternative, Fed. R. Civ. P. 56(d) Request for Discovery and Deferred Ruling on Plaintiff's

Motion for Partial Summary Judgment on the Duty to Defend ("Motion to Strike") [Doc. 65].

The Court, having considered the motion, briefs, and relevant law, and being otherwise fully

informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

This insurance coverage lawsuit ("Coverage Action") arises out of a lawsuit filed in the

District Court of La Plata County, Colorado ("Underlying Action"), in which the Rivergate Lofts

Condominium Owners Association ("COA") asserted various construction defect claims against

Rivergate Loft Partners, LLC ("RLP"), the owner and developer of a multi-use condominium development located in Durango, Colorado (the "Project"), Okland Construction Company, Inc. ("Okland"), one of the general contractors for the Project, and other defendants. Plaintiff Hartford Casualty Insurance Company ("Hartford") incurred approximately $1.6 million in defense costs and $150,000 in indemnity defending and settling the Underlying Action on RLP's behalf.

On October 25, 2012, Hartford filed a Complaint for Declaratory Judgment against Trinity and Zurich American Insurance Company ("Zurich") seeking reimbursement of the amounts Hartford paid to defend and indemnify RLP in the Underlying Action. On February 20, 2013, the parties agreed to a voluntary dismissal of the case without prejudice in order to pursue settlement negotiations. The parties were unable to resolve the case, and Hartford reinstated the Coverage Action on October 24, 2013.

On November 25, 2013, Trinity filed an Answer to Hartford's Complaint and a Third-Party Complaint against Mountain States Mutual Casualty Company ("Mountain States").

On November 26, 2013, Trinity filed a Motion to Transfer Venue, seeking transfer of the Coverage Action to the District of Colorado.

On December 24, 2013, Hartford filed a Motion for Partial Summary Judgment on the Duty to Defend against Trinity and Zurich ("Motion for Summary Judgment"). On the same day, Hartford filed, as a single brief, an Opposition to Trinity's Motion to Transfer Venue and a Memorandum of Law in support of Hartford's Motion for Summary Judgment.

On January 13, 2014, Trinity filed a Motion for Leave to add Twin City Fire Insurance Company ("Twin City") as a Third-Party Defendant.

On January 21, 2014, Trinity filed the instant Motion to Strike, asking the Court to strike Hartford's Motion for Summary Judgment, or in the alternative, under Rule 56(d) of the Federal Rules of Civil Procedure, to allow discovery and defer ruling on Hartford's Motion for Summary Judgment.   Hartford opposes the Motion to Strike.

Subsequent to Trinity's filing of its Motion to Strike, the following events occurred:   on February 6, 2014, the Court granted Trinity's Motion to Amend the Third-Party Complaint to add Twin City; on February 10, 2014, Mountain States filed an Answer to the Third-Party Complaint; on February 18, 2014, Trinity filed its Amended Third-Party Complaint; on April 7, 2014, Mountain States answered the Amended Third-Party Complaint; on April 21, 2014, Mountain States filed a Third-Party Complaint against Trinity; on May 9, 2014, Twin City filed an Answer to Trinity's Amended Third-Party Complaint; on June 2, 2014, Trinity filed an Answer to Mountain States' Third-Party Complaint; on August 15, 2014, a meeting was held among all of the parties, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure; on September 12, 2014, the parties submitted a Joint Status Report to the Court; and on September 26, 2014, this Court entered a Memorandum Opinion and Order denying Trinity's Motion to Transfer Venue.

## DISCUSSION

Trinity argues that Hartford's Motion for Summary Judgment should be stricken, because it is procedurally defective and procedurally premature.   In the alternative, Trinity argues that the Court should exercise its discretion under Rule 56(d) to allow discovery and defer ruling on Hartford's Motion for Summary Judgment.   Hartford disagrees, arguing that:   Hartford complied with the relevant rules in filing its Motion; its Motion was timely; and Trinity has not established a right to additional discovery under Rule 56(d).   The Court agrees with Hartford that its Motion was properly filed, and that Trinity has not established a right to relief under Rule 56(d).

I.      Motion to Strike

In support of its Motion to Strike, Trinity first argues that, by filing one document

containing both its Opposition to Trinity's Motion to Transfer Venue and its Memorandum of Law

in support of its own Motion for Summary Judgment, Hartford violated Section 9(f)(2) of the

CM/ECF Administrative Procedures Manual and Local Rule 56.1(b).   Section 9(f)(2) provides

that each motion must be filed as a separate document, as follows:   "Motions and responses are

always filed as separate documents."   This rule thus ensures that, for docketing purposes, motions

properly can be linked to subsequent response and reply briefs.   The rule, however, does not apply

equally to memoranda of law filed in support of a motion.   Hartford complied with Section 9(f)(2)

by filing a separately docketed Motion for Summary Judgment.   By also filing a separate brief in

support of that Motion, and combining that brief with its brief opposing Trinity's Motion to

Transfer Venue, Hartford did not violate the Manual's directive that each *motion* be filed as a

separate document.

Similarly, Local Rule 56.1(b) provides that, when filing a motion for summary judgment,

"[t]he moving party must file with the motion a written memorandum containing a short, concise

statement of the reasons in support of the motion with a list of authorities relied upon."

According to Trinity, because Plaintiff combined the substance of its opposition to Trinity's

Motion to Transfer Venue with its Motion for Summary Judgment, its brief did not include "a

short, concise statement" of facts, but rather "a confusing mixture of facts, only some of which are

pertinent to Plaintiff's Motion."   Doc. 65 at 6.   A review of Plaintiff's brief reveals that it does in

fact contain a short, concise statement of the reasons in support of its Motion.   The inclusion of

facts to support its opposition to Trinity's Motion to Transfer Venue has no bearing on whether

Hartford has met its obligation to provide a short, concise statement of the reasons for its own

4

Motion.

Next, Trinity argues that Hartford's Motion for Summary Judgment should be stricken because Hartford filed it before this Court reached a decision on Trinity's Motion to Transfer Venue.   According to Trinity, it does not make sense procedurally for the Court to rule on Hartford's Motion before deciding whether to transfer venue.   Trinity also contends that Hartford filed its Motion as an improper litigation tactic, namely, to avoid transfer by diverting the Court's attention from the venue issue.   At this point, the Court has decided Trinity's Motion to Transfer Venue.   Accordingly, not only did Hartford's alleged tactic fail, but also Trinity's argument is now moot.

For all of these reasons, there is no basis to strike Hartford's Motion for Summary Judgment.   The Court thus will deny Trinity's Motion to Strike.

II.     Rule 56(d) Request for Discovery and Deferred Ruling on Hartford's Motion

In the alternative to its Motion to Strike, Trinity moves, pursuant to Rule 56(d), for discovery and a deferred ruling on Hartford's Motion for Summary Judgment.   In support of its Rule 56(d) motion, Trinity argues that because not all involved parties have appeared in this action, the parties have not participated in a Rule 26(f) conference, exchanged initial disclosures, or conducted any discovery.   Trinity further argues that it requires discovery to respond to the validity of certain purported "undisputed facts" stated in Hartford's Motion.

As an initial matter, the Court notes that, since Trinity filed its Rule 56(d) Motion, the Court has decided Trinity's Motion to Transfer Venue, Mountain States has responded to Trinity's Third-Party Complaint, the Court has granted Trinity's Motion to Amend to include Twin City as a Third-Party Defendant, and all of the involved parties have appeared in this action and participated in a Rule 26(d) conference.   Trinity's arguments that the early stage of this case

5

makes responding to Hartford's Motion impossible thus are no longer viable.

Further, Trinity's Rule 56(d) request is legally deficient.   Rule 56(d), formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).   Thus, "[i]n this circuit, a party seeking to defer a ruling on summary judgment must provide an affidavit explaining why facts precluding summary judgment cannot be presented."   *Valley Forge Ins. Co. v. Health Care Mgmt. Partners., Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citation omitted).   "This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."   *Id.* (citation omitted).

"To invoke the protection of Rule 56([d]), the party filing the affidavit must state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment."   *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation omitted).   "Rule 56([d]) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable."   *Id.* (citation omitted).   Further, "merely asserting that the evidence supporting a party's allegation is in the hands of the opposing party is insufficient to justify a denial of a motion for summary judgment under Rule 56([d])."   *Id.* (citation omitted).   "Rather, the party filing the affidavit must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact."   *Id.* (citation omitted).

Here, in support of its Rule 56(d) motion, Trinity submits the affidavit of Carolyn Crawford, a casualty specialist for USG-Kemper Services Group, who handles claims on behalf of Trinity.   In her affidavit, Crawford states that "Trinity needs additional information" in order to respond properly to Hartford's Motion for Summary Judgment and "lacks certain information" to support its affirmative defenses and determine certain facts.   Doc. 65-2.   Crawford further states that, prior to responding to Hartford's Motion, Trinity requires "certain additional discovery," and "to the extent Plaintiff has information or knowledge about the topics [set forth in the Affidavit]," Trinity needs "additional time to obtain discovery from Plaintiff."   *Id.*

Essentially, Crawford's Affidavit does no more than assert that discovery is incomplete, that certain facts are unavailable to Trinity, and that possibly relevant evidence may be in Hartford's possession.   These assertions are insufficient to invoke the protection of Rule 56(d). Crawford fails to identify what "probable facts" discovery would reveal and how those facts would support Trinity's position.   Crawford similarly fails to state with any specificity how additional time would enable Trinity to establish that there are genuine issues of fact precluding summary judgment in Hartford's favor.   Indeed, in its motion, Trinity states only that it "requires discovery to respond to the validity" of the undisputed facts proffered by Hartford.   Doc. 65 at 9.   This is a far cry from identifying specific, probable facts that, if discovered, would enable Trinity to defeat Hartford's Motion.   Further, although Crawford generally refers to the early stage of this litigation, she neither explains why the specific facts essential to opposing Hartford's Motion cannot be presented currently, nor describes what steps have been taken to obtain those facts.

Although a Rule 56(d) motion is to be liberally treated, such liberal treatment is not appropriate where, as here, the motion lacks in merit.   *Jensen*, 998 F.2d at 1554.   Trinity has failed to show by affidavit that it cannot present facts essential to justify its opposition.   Instead,

Trinity's affidavit establishes only that there are facts unavailable to it.   Without establishing with specificity how the desired time would enable it to meet its burden in opposing summary judgment, Trinity has failed to demonstrate its entitlement to Rule 56(d) relief.   Accordingly, the Court will deny Trinity's Rule 56(d) Motion.

Hartford requests that the Court set a briefing schedule on its Motion for Summary Judgment.   Trinity requests that, if its Rule 56(d) Motion is denied, the Court allow it 14 days to respond to Hartford's Motion for Summary Judgment.   Accordingly, Trinity will be required to file a response, if any, to Hartford's Motion for Summary Judgment within 14 days after entry of this Memorandum Opinion and Order.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Trinity Universal Insurance Company of Kansas and Trinity Universal Insurance Company's Motion to Strike, or in the Alternative, Fed. R. Civ. P. 56(d) Request for Discovery and Deferred Ruling on Plaintiff's Motion for Partial Summary Judgment on the Duty to Defend [Doc. 65] is hereby DENIED.

**IT IS FURTHER ORDERED** that Trinity shall file a response, if any, to Hartford's Motion for Summary Judgment [Doc. 56] no later than 14 days after entry of this Memorandum Opinion and Order.

DATED this 29th day of September, 2014.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

8