IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD CASUALTY INSURANCE COMPANY,

      Plaintiff,

v.                                                               Civ. No. 12-1110 MV/KK

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

      Defendants/Third-Party Plaintiffs,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY *et al.*,

      Third-Party Defendants;

and

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

      Third-Party Plaintiff,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

      Third-Party Defendants.

**ORDER PERMITTING TRINITY'S JOINDER IN
ZURICH'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on: (a) the Joinder in Zurich American Insurance Company's Motion and Memorandum for Partial Summary Judgment re: Mountain States Mutual Casualty Company's Claims regarding Okland, Doc. 193 (Doc. 253), filed by Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company (collectively, "Trinity") on January 21, 2015; (b) Trinity's

Joinder in Zurich American Insurance Company's Motion and Brief for Partial Summary Judgment against Mountain States Mutual Casualty Company re:  Duty to Defend under San Juan Insulation Policies, Doc. 184 (Doc. 289), filed on March 24, 2015; and, (c) Trinity's Joinder in Zurich American Insurance Company's Motion and Brief for Partial Summary Judgment against Mountain States Mutual Casualty Company re:  Duty to Defend under Vendola Policies, Doc. 186 (Doc. 290), filed on March 24, 2015.  In these pleadings, Trinity joins in three motions that Zurich American Insurance Company ("Zurich") has filed seeking partial summary judgment against Mountain States Mutual Casualty Company ("Mountain States") on various claims.

The three Joinders at issue have been docketed as motions for joinder (Docs. 253, 289, 290), and Mountain States has construed and responded in opposition to them accordingly. (Docs. 274, 301.)  In its responses, Mountain States argues that the Court should deny the Joinders[1] because they are untimely and constitute surreplies filed without the Court's leave in violation of Local Rule 7.4(b).  (*Id.*); *see* D.N.M.LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court.").  As a preliminary matter, in so arguing Mountain States misunderstands the Joinders' nature.  In the Joinders, Trinity seeks partial summary judgment against Mountain States to the same extent and for the same reasons Zurich has.  (Docs. 253, 289, 290.)  Functionally, then, Trinity's Joinders are not surreplies, but rather partial summary judgment motions against Mountain States identical to Zurich's partial summary judgment motions.

Viewed thus, the propriety and timeliness of Trinity's Joinders become clear.  Trinity asserts that it filed joinders in lieu of separate partial summary judgment motions, which motions

---

[1] Mountain States also asks the Court to strike the Joinders (Doc. 274 at 5, Doc. 301 at 4); however, Mountain States' attempts to obtain affirmative relief by way of its response briefs are not only without merit but also procedurally improper, and the Court will disregard them as such.

2

would then have to be fully briefed, in furtherance of judicial economy. (Doc. 282 at 4.) In a case such as this one, with over 300 pleadings already on the docket, acting in furtherance of judicial economy is at the very least proper. Likewise, as dispositive motions, the Joinders are timely. The Court has ordered that dispositive motions be filed by June 29, 2015. (Doc. 255 at 2.) Trinity filed its Joinders on January 21, 2015 and March 24, 2015, well within this deadline.

Trinity observes that if its Joinders are not permitted, it will simply file separate partial summary judgment motions identical to those in which it has attempted to join. (Doc. 282 at 2, 4.) Mountain States tacitly acknowledges that Trinity is entitled to do exactly that, but argues that this "is Trinity's burden to bear." (Doc. 301 at 4.) Mountain States' position is untenable. As a singular document, a joinder is less of a "burden" than a motion, response, and reply, not only to Trinity, but also to Mountain States and the Court. Trinity has chosen to pursue its claims and defenses in a relatively expeditious form, and Mountain States has failed to identify any plausible reason for the Court to reject it in favor of a form functionally identical but more burdensome to all concerned.

In conclusion, Trinity's Joinders are both proper and timely, and, to the extent that these Joinders have been docketed and construed as motions for joinder, the Court will grant them. *Bates v. Bd. of Regents of N. N.M. Cmty. Coll.*, 699 F. Supp. 1489, 1496 (D.N.M. 1988) (granting defendants' motion for joinder in co-defendants' dispositive motion where motion for joinder was filed two days after pretrial motions deadline expired); D.N.M.LR-Civ. 7.1(a) ("A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper.").

For all of the above reasons, Trinity's [Motion for] Joinder in [Zurich's] Motion and Memorandum for Partial Summary Judgment re: [Mountain States'] Claims regarding Okland,

Doc. 193 (Doc. 253), Trinity's [Motion for] Joinder in [Zurich's] Motion and Brief for Partial Summary Judgment against [Mountain States] re: Duty to Defend under San Juan Insulation Policies, Doc. 184 (Doc. 289), and Trinity's [Motion for] Joinder in [Zurich's] Motion and Brief for Partial Summary Judgment against [Mountain States] re: Duty to Defend under Vendola Policies, Doc. 186 (Doc. 290) are hereby GRANTED.

    IT IS SO ORDERED.

*Kirtan Khalsa*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE