IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                                 Civ. No. 12-1110 MV/KK

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

    Defendants/Third-Party Plaintiffs,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY *et al.*,

    Third-Party Defendants;

and

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Third-Party Plaintiff,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

    Third-Party Defendants.

**ORDER GRANTING ZURICH'S MOTION FOR LEAVE TO FILE SURREPLY**

THIS MATTER comes before the Court on Zurich American Insurance Company's Motion for Leave to File [Surreply] in Opposition to Hartford Casualty Insurance Company's Motion to Bifurcate (Doc. 287) ("Motion to File Surreply"), filed March 18, 2015. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that the motion is well-taken and should be GRANTED.

In its Motion to File Surreply, Zurich American Insurance Company ("Zurich") seeks the Court's leave to file a surreply to Hartford Casualty Insurance Company's ("Hartford") Motion to Phase/Bifurcate Case to Resolve Hartford's Complaint Prior to any Litigation of the Third-Party Claims (Doc. 269) ("Motion to Bifurcate"), filed February 9, 2015.  In seeking such leave, Zurich contends that Hartford raised arguments regarding Federal Rule of Civil Procedure 42 for the first time in its reply in support of its Motion to Bifurcate, and that Zurich should be permitted to rebut these arguments in a surreply.  (Doc. 287 at 3.)  Hartford opposes Zurich's Motion to File Surreply, asserting that it made Rule 42 arguments in its reply only because Zurich made Rule 42 arguments in its response.  (Doc. 295 at 2-3.)  To counter this assertion, Zurich observes that Rule 42 is "the controlling authority" regarding bifurcation in federal civil cases, that Hartford should have addressed Rule 42 in its initial Motion to Bifurcate but did not, and that Zurich should not be deprived of the opportunity to rebut the Rule 42 arguments in Hartford's reply because Hartford neglected to raise them earlier.  (Doc. 304 at 2-3.)

"The filing of a surreply requires leave of the Court."  D.N.M.LR-Civ. 7.4(b).  When a movant includes new material or new arguments in its reply brief, the court must either permit the nonmovant to file a surreply, or disregard the new material or arguments in ruling on the motion.  *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003); *S.E.C. v. Goldstone*, 2014 WL 6065611 at *2 (D.N.M. 2014) ("A surreply is appropriate and should be allowed where new arguments are raised in a reply brief.").

In the present matter, the Court finds that Hartford failed to address Rule 42 in its Motion to Bifurcate, despite the fact that Rule 42 controls the bifurcation of trials in federal civil cases.  Hartford's failure required Zurich to address Rule 42 in its response without knowing what Hartford's Rule 42 arguments would be.  Thus, Zurich, the nonmovant, has not had the

opportunity to rebut the arguments of Hartford, the movant, on the authority which controls Hartford's Motion to Bifurcate.  In these circumstances, the Court finds that Zurich should be permitted to file a surreply addressing the Rule 42 arguments that Hartford made for the first time in its reply in support of its Motion to Bifurcate.

For all of the above reasons, Zurich's Motion for Leave to File Surreply is hereby GRANTED.  Zurich may file a surreply to Hartford's Motion to Bifurcate, addressing the Rule 42 arguments Hartford made for the first time in its reply, on or before May 1, 2015.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE