**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HARTFORD CASUALTY INSURANCE COMPANY,

        Plaintiff,

   v.                                                           Civ. No. 12-1110 MV/KK

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

        Defendants/Third-Party Plaintiffs,

   v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY
*et al.*,

        Third-Party Defendants;

   and,

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

        Third-Party Plaintiff,

   v.

COLORADO CASUALTY INSURANCE COMPANY,

        Third-Party Defendant.

**ORDER ON MOTION TO STAY AND FOR PROTECTIVE ORDER**
**RE: DISCOVERY CONCERNING OKLAND**

THIS MATTER comes before the Court on the Motion to Stay and for Protective Order
re:  Discovery Concerning Okland Pending Ruling on Trinity's Motion for Partial Summary
Judgment on Mountain States' Third[-]Party Complaint ("Motion to Stay Okland Discovery")
(Doc. 164), filed by Defendants Trinity Universal Insurance Company of Kansas, Trinity
Universal Insurance of Kansas, and Trinity Universal Insurance Company (collectively,

"Trinity") on November 6, 2014.  Zurich American Insurance Company ("Zurich") joined in this motion on November 24, 2014.  (Doc. 188.)  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that the Motion to Stay Okland Discovery is well taken in part and should be GRANTED IN PART and DENIED IN PART, as follows.

## I.  Background

Hartford Casualty Insurance Company ("Hartford") filed this action against Trinity and Zurich seeking a declaratory judgment, and subrogation and equitable contribution, regarding sums Hartford paid to defend and indemnify Rivergate Loft Partners, L.L.C. ("RLP"), a developer, in *Rivergate Lofts Condo. Owners Ass'n v. Rivergate Loft Partners, L.L.C. et al.*, Civ. No. 2010-19 (La Plata County, Colo. D. Ct.) ("Underlying Litigation").  (Docs. 1, 23.)  Trinity and Zurich subsequently filed third-party claims against Mountain States Mutual Casualty Company ("Mountain States") and Twin City Fire Insurance Company ("Twin City"), asserting against these insurers essentially the same claims that Hartford has asserted against Trinity and Zurich, *i.e.*, that Mountain States and Twin City are liable for sums that have been or may be paid to defend or indemnify RLP in the Underlying Litigation.  (Docs. 41, 43, 76, 85.)

Matters became more complicated when Mountain States asserted counterclaims against Trinity and Zurich, and third-party claims against Colorado Casualty Insurance Company ("Colorado Casualty").  (Docs. 89, 161, 197.)  The complicating factor is that Mountain States' claims, unlike all of the other claims filed in the case, concern sums that have been or may be paid to defend or indemnify Okland Construction Company, Inc. ("Okland"), a general contractor that was also a defendant in the Underlying Litigation.  Further complicating the procedural posture of this case, the allocation of Okland's defense costs in the Underlying

Litigation was also the subject of an earlier lawsuit, *Phoenix Ins. Co. et al. v. Trinity Universal Ins. Co. of Kan. et al.*, Civ. No. 12-1553 REB/KLM (D. Colo.) ("Travelers Litigation").

Zurich and Trinity have moved for partial summary judgment on Mountain States' Okland claims, arguing, *inter alia*, that these claims are improper cross-claims under Federal Rule of Civil Procedure 13(g) or improper third-party claims under Federal Rule of Civil Procedure 14(a), that Mountain States has failed to join indispensable parties under Federal Rule of Civil Procedure 19, and that claim preclusion, issue preclusion, waiver, estoppel, and laches bar Mountain States from pursuing these claims. (Docs. 163, 193.) On May 4, 2015, the Court ordered Trinity, Zurich, and Mountain States to submit additional briefing on a number of issues relating to Trinity's and Zurich's partial summary judgment motions, including issues regarding Rules 13, 14, and 19. (Doc. 314.) This briefing is due on or before May 18, 2015. (*Id.* at 3.)

## II.  Trinity's and Zurich's Motion to Stay Okland Discovery

In their Motion to Stay Okland Discovery, Trinity and Zurich ask the Court to stay discovery concerning Mountain States' claims "for reimbursement for Okland's defense costs and the allocation of Okland's defense costs." (Doc. 164 at 11.) According to Trinity and Zurich, the Court should stay discovery regarding Mountain States' Okland claims pending resolution of Trinity's Motion for Partial Summary Judgment Concerning Mountain States' Third-Party Complaint (Doc. 163), because: (1) Mountain States' Okland claims should be dismissed; and, (2) Mountain States has already taken discovery regarding its Okland claims in the Travelers Litigation. (Docs. 164, 246.) Thus, Trinity and Zurich assert that they, the Court, non-parties, and the public have an interest in staying discovery on the Okland claims, which outweighs Mountain States' interest in proceeding with it. (*Id.*) Trinity and Zurich also request that the Court enter a protective order postponing Mountain States' deposition of Trinity

3

pursuant to Federal Rule of Civil Procedure 30(b)(6), because at this deposition Mountain States' counsel intends to ask questions regarding the Okland claims. (*Id.*) Finally, Trinity and Zurich seek their attorneys' fees and costs associated with this motion pursuant to Federal Rules of Civil Procedure 26 and 37. (*Id.*)

In its response to Trinity's and Zurich's motion, Mountain States contends that the Court should not stay discovery regarding the Okland claims, because these claims are not subject to dismissal, and because Mountain States seeks discovery regarding these claims that it could not have obtained in the Travelers Litigation. (Doc. 218.) Thus, according to Mountain States, its interest in proceeding with discovery regarding the Okland claims aligns with the interests of the Court, non-parties, and the public, and outweighs Trinity's and Zurich's interest in staying such discovery. (*Id.*) The Court notes that Mountain States has *not* argued that it needs discovery to enable it to respond to Trinity's or Zurich's motion for partial summary judgment on the Okland claims, nor has it identified any discoverable information that may be lost if discovery on those claims is stayed. (*See generally id.*)

### III.  Legal Standards

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). The Court may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The party seeking a stay bears the burden of establishing the need for it. *Clinton*, 520 U.S. at 708. In deciding whether to stay

discovery, the Court may consider, *inter alia*, whether there are pending motions that would dispose of the case, and whether these motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil*, 216 F.R.D. at 692; *Johnson*, 205 F.R.D. at 434.  The Court should also balance any undue burden that discovery would impose against any prejudice a stay of discovery would cause.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000).  The party opposing a stay may demonstrate prejudice by showing that it needs particular discovery to respond to dispositive motions, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013)[1]; *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), or that discoverable information may be lost during the pendency of the stay.  *Clinton*, 520 U.S. at 707-08.

## IV.  Analysis

The Court will first consider factors that tend to support a stay.  In light of the Court's May 4, 2015 Order requiring the parties to submit additional briefing on Trinity's and Zurich's motions for partial summary judgment regarding Mountain States' Okland claims, the Court is not yet able to fully assess to what degree these motions raise serious questions regarding the viability of the Okland claims and whether they would, if granted, dispose of those claims entirely.  However, the motions at least raise issues serious enough to require additional briefing.  Moreover, the Court finds that discovery in this complex case is likely to be unusually burdensome, and will be more so if discovery is allowed to proceed on Mountain States' Okland claims, which are distinct from all of the other parties' claims in the case.

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Turning to factors typically militating against a stay, Mountain States correctly argues that it will suffer some prejudice if the Court stays discovery on its Okland claims, by virtue of having the prosecution of these claims delayed.  (Doc. 218 at 8); *see Clinton*, 520 U.S. at 707-08. However, the Court finds that this prejudice is relatively slight because Mountain States has already participated in the substantial discovery taken on these claims in the Travelers Litigation. (*See*, *e.g.*, Docs. 164-6 to 164-9, 246-1.)  In its response to the motion to stay, Mountain States identifies only two categories of information regarding the Okland claims that it still requires: (1) the terms on which Trinity and Zurich settled the claims against them in the Travelers Litigation; and, (2) the identity of other insurers who may have been obliged to defend or indemnify Okland in the Underlying Litigation.  As Trinity and Zurich observe, the first category of information "can be provided rather quickly" if Mountain States' Okland claims survive summary judgment, (Doc. 246 at 3); and, Mountain States has given no indication that it needs this information immediately to defend its claims against Trinity's and Zurich's summary judgment motions.

As to the second category of information, Mountain States has failed to explain why Trinity or Zurich would have any more information than Mountain States does regarding the identities of other potential Okland insurers.  Mountain States, Trinity, and Zurich were all co-parties in the Travelers Litigation.  (*See*, *e.g.*, Doc. 164-5.)  Absent any argument or evidence to the contrary, the Court must presume that their equivalent status gave them equal access to such information.  In short, Mountain States has not identified any category of discovery that it does not already have, that it needs to obtain from Trinity or Zurich at this point in the litigation. Weighing the respective interests of the parties, the Court, and the public, the Court finds that a

stay of discovery regarding Mountain States' Okland claims is appropriate, pending resolution of Trinity's and Zurich's motions for partial summary judgment on these claims.

However, Trinity's and Zurich's request for a protective order postponing Mountain States' Rule 30(b)(6) deposition of Trinity requires a separate analysis. According to Trinity and Zurich, such a protective order is necessary because Mountain States intends to ask Trinity's Rule 30(b)(6) representative questions about Mountain States' Okland claims. (Doc. 164 at 9, 11.) Thus, Trinity and Zurich observe, if Mountain States goes forward with the deposition while a stay of discovery on the Okland claims is in place, Trinity's Rule 30(b)(6) representative risks having to sit for two depositions, one now regarding the parties' RLP claims, and another later regarding Mountain States' Okland claims if they survive summary judgment. (*Id.*)

Absent a protective order, Mountain States may decide to wait until the dispositive motions regarding its Okland claims are resolved to take the entire Rule 30(b)(6) deposition of Trinity in one installment; or, it may decide to take that deposition on the RLP claims now and risk having to reopen it as to the Okland claims later. The Court appreciates Trinity's reluctance to subject its representative to the risk of a deposition by installments. Nevertheless, whether Mountain States takes the deposition in one installment or two, it must limit the total time to seven (7) hours per the Court's October 23, 2014 Order, which minimizes the potential burden to Trinity. (Doc. 152 at 2.)

In contrast, the prejudice to Mountain States of indefinitely postponing its Rule 30(b)(6) deposition of Trinity regarding the RLP claims is significant. The RLP claims are distinct from the Okland claims, which Mountains States chose to bring in this action, on which it has already taken discovery in the Travelers Litigation, and with which it may or may not be allowed to proceed. Rather, Trinity and Zurich brought Mountain States into this action by asserting RLP

claims against it; no discovery has been taken on these claims in prior litigation; and, thus, Mountain States must be able to take discovery to defend itself against them. Balancing Trinity's and Mountain States' competing interests, the Court finds that Mountain States should, within the framework of this Court's Orders and the Local and Federal Rules of Civil Procedure, be free to decide when it will take the Rule 30(b)(6) deposition of Trinity regarding the parties' RLP claims, and will deny Trinity's and Zurich's request for a protective order postponing this deposition.

Finally, the Court declines to award expenses associated with this motion to any party. According to Rule 26, Rule 37(a)(5) governs the award of expenses associated with motions for protective orders. Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5), in turn, indicates that when a motion for a protective order is granted in part and denied in part, the court "may" apportion reasonable expenses associated with the motion. Fed. R. Civ. P. 37(a)(5)(C). Thus, Rule 37(a)(5)(C) vests the Court with discretion regarding whether to apportion expenses or not. *Id.*; *see Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (court has discretion whether to award sanctions when it grants in part and denies in part a motion to compel). In the present matter, the Court finds that each party should bear its own fees and costs associated with the motion, because each party's position was justified to a similar degree, and the complex procedural posture of this case renders an award of expenses unjust.

IT IS THEREFORE ORDERED that Trinity's and Zurich's Motion to Stay Okland Discovery is GRANTED IN PART. Discovery regarding Mountain States' claims for reimbursement and allocation of Okland's defense costs is stayed pending resolution of Trinity's and Zurich's motions for partial summary judgment regarding the Okland claims. The Court will revisit its decision to stay discovery on these claims if the parties' supplemental briefing

submitted pursuant to the Court's May 4, 2015 Order impacts the Court's reasoning in this Order.

IT IS FURTHER ORDERED that Trinity's and Zurich's Motion to Stay Okland Discovery is DENIED IN PART.  The Court declines to issue a protective order postponing Mountain States' Rule 30(b)(6) deposition of Trinity regarding the parties' RLP claims and defenses.

IT IS FURTHER ORDERED that each party shall bear its own fees and costs associated with Trinity's and Zurich's Motion to Stay Okland Discovery.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE