IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD CASUALTY INSURANCE COMPANY,

    Plaintiff,

    v.                                                  Civ. No. 12-1110 MV/KK

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

    Defendants/Third-Party Plaintiffs,

    v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY
*et al.*,

    Third-Party Defendants;

and

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Third-Party Plaintiff,

    v.

TRINITY UNIVERSAL INSURANCE COMPANY OF
KANSAS *et al.*,

    Third-Party Defendants.

**ORDER DENYING HARTFORD'S MOTION TO PHASE/BIFURCATE CASE**

THIS MATTER is before the Court on Plaintiff Hartford Casualty Insurance Company's Motion to Phase/Bifurcate Case to Resolve Hartford's Complaint Prior to Any Litigation of the Third-Party Claims (Doc. 269), filed February 9, 2015. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is not well-taken and should be DENIED in part and DENIED WITHOUT PREJUDICE in part.

## I. Background

Hartford Casualty Insurance Company ("Hartford") filed this action against Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company (collectively, "Trinity") and Zurich American Insurance Company ("Zurich") seeking a declaratory judgment, and subrogation and equitable contribution, regarding sums Hartford paid to defend and indemnify Rivergate Lofts Partners, L.L.C. ("RLP"), a developer, in *Rivergate Lofts Condo. Owners Ass'n v. Rivergate Lofts Partners, L.L.C. et al.*, Civ. No. 2010-19 (La Plata County, Colo. D. Ct.) ("Underlying Litigation"). (Doc. 1.) Trinity and Zurich subsequently filed third-party claims against Mountain States Mutual Casualty Company ("Mountain States") and Twin City Fire Insurance Company ("Twin City"), asserting against these insurers essentially the same claims that Hartford has asserted against Trinity and Zurich, *i.e.*, that Mountain States and Twin City should be required to pay a share of any sums that Trinity and Zurich are required to pay for RLP's defense or indemnity in the Underlying Litigation. (Docs. 41, 43, 76, 85.)

Matters became somewhat more complex when Mountain States asserted counterclaims against Trinity and Zurich, and third-party claims against Colorado Casualty Insurance Company ("Colorado Casualty"). (Docs. 89, 161, 197.) One complicating factor is that Mountain States' claims, unlike all of the other claims filed in the case, concern sums paid to defend or indemnify not only RLP, but also Okland Construction Company, Inc. ("Okland"), a general contractor and another defendant in the Underlying Litigation. (*See generally id.*) Further complicating the procedural posture of the case, the allocation of Okland's defense costs in the Underlying Litigation was also the subject of an earlier lawsuit, *Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, Civ. No. 12-1553 REB/KLM (D. Colo.).

The Court has ruled on a number of motions in recent months.  On July 7, 2015, the Court granted Hartford's motion for a settlement conference, stayed discovery until the conference, and denied the parties' then-pending discovery motions without prejudice as moot. (Doc. 354.)  The Court denied Trinity's and Zurich's motions for summary judgment on Mountain States' counterclaims against them on July 28, 2015, (Doc. 357), and on July 30, 2015 granted partial summary judgment to Hartford on its claims that Trinity had a duty to defend RLP in the Underlying Litigation and breached the duty.  (Doc. 358.)  The latter ruling acknowledged Zurich's stipulation that it had a duty to defend RLP as well.  (*Id.* at 3.)  Still pending are Zurich's two motions for partial summary judgment regarding whether Mountain States had a duty to defend RLP in the Underlying Litigation.  (Docs. 184, 186.)

## II.  Hartford's Motion to Phase or Bifurcate the Case

Presently before the Court is Hartford's Motion to Phase/Bifurcate Case to Resolve Hartford's Complaint Prior to Any Litigation of the Third-Party Claims.  (Doc. 269.)  In its motion, Hartford asks the Court to enter an order "phasing this case in the following manner":

- Phase 1 will be limited to completing discovery and resolving all legal and factual issues pertaining to the claims in Hartford's Complaint; and

- Phase 2 will be limited to performing discovery and resolving all legal and factual issues pertaining to the third-party claims asserted by Zurich, Trinity, and Mountain States.

(Doc. 269 at 3.)  For the following reasons, the Court will deny Hartford's motion to phase or bifurcate discovery and other pretrial proceedings, and will deny Hartford's motion to phase or bifurcate the trial without prejudice to any party's ability to seek such relief at a later time.

Hartford brings its motion pursuant to Federal Rule of Civil Procedure 42, which states in pertinent part:

3

> [f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). "The trial court has considerable discretion in determining how a trial is to be conducted." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Orders regarding bifurcation are therefore reviewed for abuse of discretion. *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003). "[T]he party seeking bifurcation bears the burden of proving that bifurcation is proper in light of the general principle that a single trial tends to lessen delay, expense, and inconvenience." *Skyline Potato Co. v. Tan-O-On Marketing, Inc.*, 2012 WL 2384087, at *9 (D.N.M. 2012).

> In deciding whether to bifurcate a trial,
>
> [a] court should consider a number of factors, including whether separate trials will: (1) help to simplify the issues and avoid confusion; (2) result in duplication of evidence; (3) create a risk of inconsistent verdicts; (4) result in an efficient use of judicial resources; (5) expedite or delay the proceedings; and (6) [a]ffect the parties' rights to a jury trial.

*Id.* at *8-*9. The Court must also consider "whether separate trials would unfairly prejudice any of the parties." *Corvello v. New England Gas Co.*, 247 F.R.D. 282, 286 (D.R.I. 2008); *Angelo*, 11 F.3d at 964 ("Regardless of efficiency and separability . . . bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.").

In the present matter, the Court finds in its discretion that bifurcating this matter for purposes of discovery, motions practice, and other pretrial proceedings would not serve the purposes identified in Rule 42(b). Before the Court's recent stay of discovery, the parties had participated in at least 236 days of discovery, with 52 days of discovery remaining.[1] (Docs. 152,

---

[1] Colorado Casualty, however, was not joined as a party until November 28, 2014 (Doc. 197), and has only had a brief opportunity to take discovery. (Doc. 354.)

255, 343, 354.)  The scope of discovery was limited only by the Court's May 5, 2015 ruling staying discovery on Mountain States' Okland claims.[2]  (Doc. 316.)  It seems clear that at least some discoverable information relevant to Hartford's claims is also relevant to Trinity's, Zurich's, and Mountain States' third-party claims.  (*See, e.g.*, Doc. 280 at 7-9 (describing overlapping defenses of Trinity, Zurich, Mountain States, and Twin City).)  The parties have also filed a number of dispositive and other motions.  (*See, e.g.*, Docs. 56, 163, 164, 184, 186, 187, 193, 234.)  To date, motions practice has not been bifurcated, and has addressed a wide range of claims and issues.  (*See generally id.*)

To bifurcate discovery and motions practice as Hartford has requested, when much discoverable information relates to both proposed "phases" of the case, much discovery has been taken, and many motions have been filed, would not serve convenience, avoid prejudice, or expedite and economize resources.  Fed. R. Civ. P. 42(b).  On the contrary, it would leave the claims of all of the parties except Hartford to "sit dormant" in the midst of their prosecution, *Colo. Cas. Ins. Co. v. Infinity Land Corp.*, 2013 WL 5420689, at *2 (D. Colo. 2013), and at the same time be unlikely to accelerate the resolution of Hartford's claims significantly.  The Court will therefore deny Hartford's motion to the extent that it seeks to phase or bifurcate discovery and other pretrial proceedings.

Regarding Hartford's motion to phase or bifurcate the trial, the Court finds that the motion is premature and inadequately supported.  As noted above, Hartford bears the burden of persuading the Court that bifurcation under Rule 42(b) is proper.  *Skyline Potato Co.*, 2012 WL 2384087, at *9.  Considering the information currently available to the Court in light of the *Skyline Potato Co.* factors, the Court is not yet persuaded that bifurcating or phasing the trial as

---

[2] Should the parties resume discovery after the September 2, 2015 settlement conference in this matter, the stay of discovery on Mountain States' Okland claims will have expired, because the Court denied Trinity's and Zurich's motions for summary judgment on these claims on July 28, 2015. (Docs. 316, 357.)

Hartford has requested would further the interests listed in Rule 42(b).  In particular, the Court is concerned that bifurcating or phasing the trial as Hartford has requested would result in the presentation of duplicative evidence, including evidence pertaining to the fees and costs Hartford incurred in defending RLP, at both proposed phases of trial, thereby wasting the Court's and the parties' time and resources.  *Skyline Potato Co.*, 2012 WL 2384087, at *8-*9.

Moreover, even if the risk of duplicative evidence could be avoided, the benefits of bifurcation are at this point speculative.  There continue to be many unknowns regarding the trial of this matter, including which claims will remain at issue at the time of trial,[3] whether these claims will be for the judge or the jury to decide,[4] what witnesses are likely to be called, and what exhibits are likely to be offered into evidence.  *Cf. id.* at *7 (discussing witnesses to be called and evidence to be introduced at trial in deciding motion to bifurcate).  Without more information on these points—much of which is simply not yet available—the Court cannot determine whether the "unusual" step of bifurcating the trial would be helpful or prejudicial.  *Id.* at *9; *Colo. Cas. Ins. Co.*, 2013 WL 5420689, at *1 (severance of trials is not "the norm or even a common occurrence").  Phasing or bifurcating the trial in some manner may ultimately be the right course to take.  However, it is too soon to make that determination, and too soon, if such a determination were made, to permit the Court to structure the phasing or bifurcation in the most fair and efficient way.  The Court will therefore deny Hartford's motion to phase or bifurcate the trial of this matter, but will do so without prejudice to any party's ability to seek such relief at a later time.

---

[3] As noted above, Zurich's motions for partial summary judgment against Mountain States (Docs. 184, 186) remain pending; and, the deadline for filing dispositive motions has not yet expired.  (Doc. 343.)

[4] Both Hartford and Trinity have requested a jury trial on all counts so triable, (Docs. 1, 76), but many of the parties' claims sound in equity and would therefore be tried to the presiding judge following a jury's resolution of any legal claims.  *Colo. Visionary Acad. v. Medtronic*, 397 F.3d 867, 875 (10th Cir. 2005).

IT IS THEREFORE ORDERED that Hartford's Motion to Phase/Bifurcate Case to Resolve Hartford's Complaint Prior to Any Litigation of the Third-Party Claims (Doc. 269) is DENIED insofar as Hartford asks the Court to phase or bifurcate discovery and other pretrial proceedings, and DENIED WITHOUT PREJUDICE insofar as Hartford asks the Court to phase or bifurcate the trial.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE